This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41526**

**EDWARD BROWN,**

Plaintiff-Appellee,

v.

**DHARMA KALSA a/k/a
DHARMA SINGH KHALSA
a/k/a KHARRMA SINGH KHALSA,**

Defendant-Appellant,

and

**PARMATMA KHALSA, GURU DAYA
KAUR KHALSA, CLERK OF
US DISTRICT COURT, DISTRICT
OF ARIZONA, WAYNE ALAN DRIZIN
AND MARINA RONDELL,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Maria E. Sanchez-Gagne, District Court Judge**

Rose Ramirez & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Dharma Singh Khalsa
Española, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant appeals from a summary judgment and order authorizing a foreclosure sale. [3 RP 627] In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition to that disposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum, Defendant continues to argue that when Plaintiff deposited a promissory note with the district court pursuant to LR1-203 NMRA, he lost possession and thus standing to enforce the note. [MIO 1-4; DS 4] Our notice proposed, however, that the district court appropriately applied Rule 1-025 NMRA. [CN 3] *See* Rule 1-025(C) (allowing actions to be continued by the original party, notwithstanding a transfer of interest). Defendant has not asserted any new facts, law, or argument that persuade us that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we summarily affirm.

**{4}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**